IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA;<br>SHERIFF LAURIE SMITH; VALLEY<br>MEDICAL CENTER,<br><br>Defendants. | No. C 12-4421 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at the Santa Clara County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Leave to proceed in forma pauperis has been granted in a separate order. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it is DISMISSED with leave to amend.

**DISCUSSION**

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

1 fails to state a claim upon which relief may be granted," or "seeks monetary relief from a
2 defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be
3 liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
4 1990).

5       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
6 of the claim showing that the pleader is entitled to relief."  "Specific facts are not
7 necessary; the statement need only '"give the defendant fair notice of what the . . . . claim
8 is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
9 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need
10 detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
11 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
12 recitation of the elements of a cause of action will not do. . . .   Factual allegations must
13 be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.
14 Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer
15 "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se
16 pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
17 699 (9th Cir. 1990).

18       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
19 (1) that a right secured by the Constitution or laws of the United States was violated, and
20 (2) that the alleged violation was committed by a person acting under the color of state
21 law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

22 II.    Discussion

23       Plaintiff alleges that while he was in the Santa Clara County Jail, he injured his
24 ankle playing handball.  He alleges that despite his complaints of pain and requests for
25 medical care, he received no care other than a prescription for Motrin for three months.
26 At the end of the three-month period he received and M.R.I. examination which revealed
27
28                                       2

1  injuries sufficiently serious to require reconstructive surgery.

2  Deliberate indifference to an inmate's serious medical needs amounts to a
3  violation of their constitutional rights.  However, the Defendants named by Plaintiff
4  cannot be held liable based upon the allegations in the complaint.  Plaintiff names the
5  County of Santa Clara and the Sheriff on the sole theory that they are "responsible" fo
6  his medical care.  Supervisors and employers may not be held liable under Section 1983
7  on the theory that they are responsible for the actions of their subordinates and
8  employees.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Monell v. Dep't*
9  *of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under
10 Section 1983 under respondeat superior theory).

11 To establish the liability of a local government entity such as Defendant Santa
12 Clara County under § 1983 for a violation of constitutional rights, Plaintiff must show:
13 (1) that the plaintiff possessed a constitutional right of which he or she was deprived;
14 (2) that the municipality had a policy; (3) that this policy amounts to deliberate
15 indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving
16 force behind the constitutional violation.  *See Monell v. Dep't of Social Servs.*, 436 U.S.
17 658, 690 (1978); *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th
18 Cir. 1997).  Plaintiff has not alleged a policy or practice on the part of Santa Clara
19 County that was the moving force behind his alleged deprivation of adequate medical
20 care.  Consequently, he has not stated a cognizable claim against this Defendant.

21 A supervisor, may be liable under section 1983 upon a showing of (1) personal
22 involvement in the constitutional deprivation or (2) a sufficient causal connection
23 between the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v.*
24 *Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202,
25 1207 (9th Cir. 2011)).  Plaintiff has not alleged any conduct whatsoever by Defendant
26 Sheriff Smith, let alone any wrongful conduct that caused the allegedly inadequate
27
28                                          3

medical care. *Cf. Starr*, 652 F.3d at 1207 (finding no qualified immunity where plaintiff pled specific facts that plausibly suggest supervisors' "knowledge of" and "acquiescence in" unconstitutional conduct of subordinates). Consequently, Plaintiff has not stated a cognizable claim against Defendant Smith.

Lastly, Plaintiff names the Valley Medical Center as a Defendant. Plaintiff has not alleged how VMC is involved in his case, such as whether and when he received treatment there or whether he requested treatment from VMC and VMC deliberately ignored it. Moreover, as discussed above, VMC cannot be held liable under Section 1983 as an employer on the theory that it is vicariously liable or responsible for the actions of VMC employees. Consequently, Plaintiff has not stated a cognizable claim against Defendant VMC.

Below, Plaintiff is given leave to amend the complaint to correct these deficiencies provided he can do so in good faith.

**CONCLUSION**

For the foregoing reasons,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **thirty (30) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 12-4421 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action under Federal
2  Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED:  October 25, 2012

                                                JEFFREY S. WHITE
                                              United States District Judge

5

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JOHN RAYMOND WILLIAMS,

    Plaintiff,

v.

SANTA CLARA COUNTY OF et al,

    Defendant.

                                          /

Case Number: CV12-04421 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Raymond Williams
701 S. Abel Street
#BWK/634 12005170
Milpitas, CA 95035

Dated: October 25, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk